IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMBROSE BRANCH, #112678, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-01205 |
| | ) | |
| WILSON COUNTY, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

State inmate Ambrose Branch has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2).

The case is before the Court for ruling on Plaintiff's IFP application and initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when

the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also id.* § 1915(e)(2) (requiring dismissal "at any time" such determination is made in a case filed IFP). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most

2

favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

**B. Allegations and Claims**

Plaintiff sues Wilson County, its Sheriff and Jail, and Officers Cagle and Medley for damages resulting from his arrest by Cagle and Medley. He claims that his constitutional rights were violated based on the following allegations:

> I was running from the police on a Saturday night and I finally stopped on Shote's Lane which was outside of the jurisdiction of Wilson County. I got out of a Kia Soul and I ran. Officer Medley and Officer Cagle tackled me to the ground. I had blood coming from my mouth and Off. Medley and Off. Cagle saw it. (the blood) They called an ambulance, but I refused medical treatment at the time because I wasn't hurting initially due to an adrenaline rush. I knew my son's mother was coming because they let me call her. Also, my son was riding alone with his girlfriend was another reason I refused. I planned on getting medical help after I got to the jail so I could go for outside medical treatment from the jail. They (Off. Medley & Off. Cagle) hurt my arm, my shoulder, and my whole body still hurts right now almost continuously.

(Doc. No. 1 at 4–5.)

**C. Analysis**

Plaintiff filed this action under § 1983, which allows a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

In this case, Plaintiff's allegations of excessive force during his arrest do not support a viable constitutional claim. Although his assertion that he "was subjected to cruel and unusual

punishment" (Doc. No. 1 at 4) implicates the Eighth Amendment, it is "[t]he Fourth Amendment's prohibition against unreasonable seizures [that] bars excessive force against free citizens." *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). In analyzing the force used to effect a citizen's arrest, the Court applies "an objective reasonableness test, looking to the reasonableness of the force in light of the totality of the circumstances confronting the defendants," including whether the plaintiff "is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 472–73.

The Sixth Circuit recently upheld the objective reasonableness of an officer tackling a suspect who "actively resisted arrest by fleeing from [police]." *VanPelt v. City of Detroit, Michigan*, 70 F.4th 338, 340 (6th Cir. 2023). The court made it clear that, "when a suspect flees [or otherwise resists arrest], police may use force to subdue him"—even if the force required to gain custody and control is more severe than physical tackling. *Id.* (citing *Rudlaff v. Gillispie*, 791 F.3d 638, 641–42 (6th Cir. 2015) ("Our cases firmly establish that it is not excessive force for the police to tase someone (even multiple times) when the person is actively resisting arrest.")). In this case, the Complaint alleges that Plaintiff fled police pursuit first in his car and then on foot; that his flight only ended when he was tackled to the ground; and that he sustained injuries including bleeding from his mouth and pain in his arm, shoulder, and elsewhere in his body, but refused the medical treatment offered by Defendants Medley and Cagle. Especially given that there is no allegation of any use of force "after the tackling," when Plaintiff was no longer resisting, the officers' actions were clearly reasonable and thus did not violate Plaintiff's Fourth Amendment rights. *Id.* at 341.

Finally, the Complaint also indicates that Plaintiff's plan to "go for outside medical treatment from the jail" was thwarted when jail officials effectively told him it was too late for that, "that they offered [Plaintiff] an ambulance earlier when [he] got hurt." (Doc. No. 1 at 4–5.)

4

But even if outside medical treatment was no longer an option after Plaintiff's arrival at the jail, there is no allegation that his serious medical needs were ignored while he was in the jail. The Complaint thus fails to support any plausible claim that Plaintiff's constitutional rights were violated during or in the aftermath of his arrest. It therefore fails to state a plausible claim to relief under § 1983.

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE